STATE OF LOUISIANA

VERSUS

HENRY FORD, III

NO. 19-KA-242

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1016, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING


July 08, 2020


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.


<u>**CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED**</u>
  **JJM**
  **FHW**
  **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Terry M. Boudreaux
      Andrea F. Long
      Matthew Whitworth
      Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
HENRY FORD, III
      Holli A. Herrle-Castillo

**MOLAISON, J.**

This case comes before us following a remand from the Louisiana Supreme Court with specific directions to consider defendant's appeal in light of *Ramos v. Louisiana*, 590 U.S. - - , 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), which holds that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. *State v. Ford*, 20-241 (La. 6/3/20), 2020 WL 3424531 (per curiam). For the reasons that follow, we reverse defendant's convictions, vacate his sentences and remand to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

As detailed in our prior opinion, *State v. Ford*, 19-242 (La. App. 5 Cir. 12/26/19), 287 So.3d 875, defendant, Henry Ford, III, was charged with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one), resisting an officer with the use of violence in violation of La. R.S. 14:108.2 (count two), and unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3 (count three). Prior to trial, defendant filed a "Motion to Declare Article 782(A) Unconstitutional Because It Allows for a Non-Unanimous Verdict In This Second Class Case." However, the record does not show that the motion was ruled upon by the trial court. On October 23, 2018, following a jury trial, defendant was found guilty as charged as to counts one and two, and guilty of the responsive verdict of attempted unauthorized entry of an inhabited dwelling on count three. The verdict was ten to two on counts one and three, and eleven to one on count two.

On appeal, defendant raised as error, in relevant part, that the jury votes of eleven to one and ten to two were unconstitutional. This Court found that due to the absence of a trial court ruling and defendant's failure to properly serve the attorney general with notice of his motion, defendant was not entitled to review of

the issue. Nevertheless, we concluded that even if this issue was properly before us on appellate review, the Louisiana Supreme Court had long held that non-unanimous jury verdicts for twelve-person juries are not unconstitutional in non-capital cases. *See Ford*, 287 So.3d at 881. We further found that sufficient evidence existed to sustain defendant's conviction on count one.[1] Defendant's convictions and sentences on counts two and three were affirmed, and we remanded the case for clarification of defendant's multiple offender sentence imposed on count one and for the correction of errors patent on the face of the record. *Ford*, 287 So.3d at 882.

Defendant thereafter sought writs to the Louisiana Supreme Court, during the pendency of which the U.S. Supreme Court made its ruling in *Ramos*, *supra*. In granting defendant's writ in the instant case, the Louisiana Supreme Court cited to *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), in support of its finding that *Ramos v. Louisiana* was applicable to defendant because the matter was pending on direct review when *Ramos* was decided. In its per curiam, the Court directed us to consider the issue of non-unanimous jury verdicts in this case as part of an error patent review if the claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings.

**LAW AND ANALYSIS**

Defendant was charged with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one), resisting an officer with the use of violence in violation of La. R.S. 14:108.2 (count two), and unauthorized entry of

---

[1] We acknowledge the current varied approaches by our fellow Circuits regarding a sufficiency of evidence analysis in cases where a *Ramos* issue is involved. For example, in *State v. Hunter*, 19-901 (La. App. 4 Cir. 5/27/20), 2020 WL 2751914, the Fourth Circuit addressed the defendant's assigned error of insufficient evidence before it addressed his assignment of error regarding the constitutionality of the non-unanimous verdict. However, in *State v. Jenkins*, 20-2 (La. App. 3 Cir. 6/10/20), 2020 WL 3071594, the Third Circuit found that because *Ramos* applied and invalidated the defendant's conviction by a non-unanimous jury verdict, any discussion of the defendant's other assignment of error regarding the sufficiency of the evidence was moot. In the instant appeal, because we have previously addressed defendant's sufficiency of evidence claim and found it to be without merit, we will pretermit further analysis in this opinion.

an inhabited dwelling in violation of La. R.S. 14:62.3 (count three). The penalty on count one requires that the sentence be served at hard labor. The penalties on counts two and three allow the sentences to be served with or without hard labor.

La. C.Cr.P. art. 782 provides in pertinent part as follows:

> A. A case in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

La. C.Cr.P. art. 493 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

La. C.Cr.P. art. 493.1 provides:

> Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

Since the punishment for the offense in count one is necessarily confinement at hard labor, a jury of twelve persons was required. See La. Const. Art. I, § 17; La. C.Cr.P. art. 782. Also, counts two and three were charged in the same bill of information as part of a common scheme or plan. Therefore, a jury of twelve persons was required for those counts as well. *See* La. C.Cr.P. arts. 493, 493.1, 782. While non-unanimous verdicts were previously allowed under these

provisions, the non-unanimous verdicts are no longer permissible pursuant to the recent holding in *Ramos*.

According to *Ramos*, Louisiana will have to retry defendants who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct appeal. Based on *Ramos* and the fact that the instant case is on direct appeal, we find that, because the verdicts were not unanimous for the offenses before us, the convictions and sentences must be vacated. Defendant is entitled to a new trial. See *State v. Rivas*, 19-378 (La. App. 5 Cir. 5/21/20), 2020 WL 2569820.

**DECREE**

Accordingly, for the foregoing reasons, and in compliance with the Louisiana Supreme Court's directive to follow the recent holding in *Ramos*, we reverse defendant's convictions, vacate his sentences and remand for further proceedings.

**CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 8, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

# 19-KA-242

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)
ANDREA F. LONG (APPELLEE)
THOMAS J. BUTLER (APPELLEE)

HOLLI A. HERRLE-CASTILLO
(APPELLANT)
J. TAYLOR GRAY (APPELLEE)

GRANT L. WILLIS (APPELLEE)

## MAILED

HON. JEFFREY M. LANDRY (APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
MATTHEW WHITWORTH (APPELLEE)
BRITTANY BECKNER (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053